CT Corporation

**Service of Process Transmittal**
04/11/2012
CT Log Number 520310377

**TO:** Sheron Young, Operations Manager Legal Department
Wal-Mart Stores, Inc.
702 SW 8th Street
Bentonville, AR 72716

**RE:** **Process Served in Mississippi**

**FOR:** Sam's East, Inc. (Domestic State: AR)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Darlene Blaker vs. Sam's East, Inc. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Harrison County Circuit Court, First Judicial, MS<br>Case # A24011274 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - Injuries sustained due to the display of merchandise on March 28, 2009 in Harrison County, Mississippi located at 10431 Old Hwy 49, Gulfport, MS, 39503 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Flowood, MS |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/11/2012 at 13:35 |
| **JURISDICTION SERVED :** | Mississippi |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days from the date of delivery |
| **ATTORNEY(S) / SENDER(S):** | Albert Necaise<br>Law Office of Albert L. Necaise<br>PO Box 717<br>2510 16th Street<br>Gulfport, MS 39502<br>228-863-1990 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/11/2012, Expected Purge Date: 04/16/2012<br>Image SOP<br>Email Notification, Scott LaScala-CT East CLS-VerificationEast@wolterskluwer.com<br>Email Notification, Sheron Young ct.lawsuits@walmartlegal.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>Amy McLaren<br>645 Lakeland East Drive<br>Suite 101<br>Flowood, MS 39232<br>800-592-9023 |

Page 1 of 1 / RR

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**EXHIBIT A**

**IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI**
**FIRST JUDICIAL DISTRICT**

DARLENE BLAKER

**PLAINTIFF**

VERSUS

CIVIL ACTION NO. _12401-12-74_

SAM'S EAST, INC.

**DEFENDANT**

**SUMMONS**

STATE OF MISSISSIPPI
COUNTY OF HARRISON

TO:  Sam's East, Inc.
     c/o  C T Corporation System
     645 Lakeland East Drive
     Suite 101
     Flowood, MS 39232

<u>Notice To Defendant</u>

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS
IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT
YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the
Complaint to **Albert Necaise, Attorney at Law**, whose mailing address is **P.O. Box 717,
Gulfport, Mississippi 39502**. Your response must be mailed or delivered within thirty (30)
days from the date of delivery of this summons and complaint or a judgment by default will
be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within
a reasonable time afterward.

Issued under my hand and the seal of this Court, this _19_ day of _March_,
2012.

GAYLE PARKER, CIRCUIT CLERK

BY: _____
     **DEPUTY CLERK**

Albert Necaise, [MSBN: 3778]
Law Office of Albert L. Necaise
2510 16th Street
P.O. Box 717
Gulfport, MS 39502-0717
Phone  (228) 863-1990
Fax     (228) 868-8307
Email: necaisea@bellsouth.net

# IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

**DARLENE BLAKER**                                                    **PLAINTIFF**

**VERSUS**                                                    CIVIL ACTION NO. _A2401-12-75_

**SAM'S EAST, INC.**                                                    **DEFENDANT**



## COMPLAINT

The Plaintiff alleges:

1.      The Plaintiff, Darlene Blaker (the "Plaintiff" or "Ms. Blaker"), is an adult resident citizen of Long Beach, Mississippi.

2.      The Defendant, Sam's East, Inc. (the "Defendant or "Sam's"), is and was at all material times a corporation organized and incorporated in a State other than Mississippi with its principal place of business at 702 SW 8th Street Dept. 8687, M.S. #0555, Bentonville, AR 72716, but which is doing business in Mississippi and may be served with process through its registered agent, C T Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

3.      The Court has jurisdiction over the parties and the subject matter of this claim.

4.      At all material times, the Defendant owned and operated a Sam's store in Harrison County, Mississippi located at 10431 Old Hwy 49, Gulfport, Mississippi, 39503 .

5.      On or about March 28, 2009, the Defendant negligently displayed merchandise in its Gulfport, Mississippi store.

6.      On or about March 28, 2009, the Plaintiff was a customer of the Defendant's store.

7.      While shopping at the Defendant's store, the Plaintiff sustained personal

injuries as a result of the Defendant's negligence in connection with the display of merchandise in its Gulfport, Mississippi store.

8.     As a proximate result of the Defendant's negligence, Ms. Blaker has sustained, or will sustain, personal injuries and damages, including past and future physical and mental pain and suffering and loss of enjoyment of life; disfigurement; disabilities; and past and future medical expenses.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff demands judgment from the Defendant in an amount that exceeds the Court's jurisdictional minimum, with interest on the judgment at the legal rate until paid, and costs of court.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY.**

**Respectfully submitted,** this the /6 day of March, 2012.

**DARLENE BLAKER, PLAINTIFF**

BY: _____
**Attorney for Plaintiff**

Albert Necaise, [MSBN: 3778]
Law Office of Albert L. Necaise
2510 16th Street
P.O. Box 717
Gulfport, MS 39502-0717
Phone (228) 863-1990
Fax    (228) 868-8307
Email: necaisea@bellsouth.net

2

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

DARLENE BLAKER,                    *
                                   *
                                   *
          Plaintiff,               *
                                   *
vs.                                *          CASE NO. A2401-12-74
                                   *
SAM'S EAST, INC.                   *
                                   *
          Defendant.               *

### ANSWER

Defendant, Sam's East, Inc. ("Sam's"), answers Plaintiff's Complaint as follows with each numbered paragraph corresponding to the numbered paragraphs of Plaintiff's Complaint:

1.      Sam's is without knowledge and information sufficient to form a belief as to Plaintiff's age or residency and, therefore, must deny the same.

2.      Sam's admits that it is a foreign corporation qualified to do business in Mississippi, and that its registered agent for process is CT Corporation System at Lakeland East Drive, Flowood, Mississippi.

3.      Sam's admits that at the present time, the Circuit Court of Harrison County, Mississippi, has jurisdiction over the parties and subject matter of this claim, but denies Plaintiff is entitled to any recovery whatsoever.

4.      Sam's admits that at all times pertinent herein, it was the operator of the premises where this incident allegedly occurred, i.e., in Harrison County, Mississippi, at 10431 Old Highway 49, Gulfport, Mississippi.   To the extent this paragraph asserts allegations against Sam's, the same are denied and strict proof thereof is demanded.

5.      Sam's denies the allegations of this paragraph and demands strict proof thereof.

6.     Sam's admits that on or about March 28, 2009, Plaintiff, Darlene Blaker, was on its premises at the Sam's store located in Gulfport, Mississippi. Sam's is without knowledge and information sufficient to form a belief as to the allegations concerning Plaintiff's purpose for her presence at the store and, therefore, must deny the same and demand strict proof thereof.

7.     Sam's admits Plaintiff was involved in an incident on its premises. Sam's is without knowledge and information sufficient to form a belief as to the allegations concerning the details of the incident or Plaintiff's medical condition and, therefore, must deny the same and demand strict proof thereof.  Sam's denies the remaining allegations of this paragraph, and specifically denies it was negligent, and demands strict proof thereof.

8.     Sam's denies that its conduct was the direct and proximate cause of this incident or Plaintiff's injuries and damages, if any, and specifically denies it was negligent.  Sam's is without knowledge and information sufficient to form a belief as to the allegations concerning Plaintiff's medical condition and, therefore, must deny the same and demand strict proof thereof.

Sam's denies the allegations of unnumbered paragraph following paragraph 8 beginning "Wherefore, premises considered," and specifically denies that the Plaintiff is entitled to any recovery whatsoever.

## AFFIRMATIVE DEFENSES

1.     Defendant denies each and every material allegation of Plaintiff's Complaint not otherwise addressed and demands strict proof thereof.

2.     Plaintiff was guilty of negligence that caused or contributed to cause the injuries about which she complains.

3.     The alleged hazard about which Plaintiff complains was open and obvious, thereby obviating any duty and precluding Plaintiff from recovering damages under Mississippi law.

4.     Defendant did not have notice of the alleged hazard about which Plaintiff complains, and therefore, under Mississippi law Defendant owed Plaintiff no duty to eliminate the alleged hazard.

5.     No act or omissions of this Defendant was the proximate cause of any injury to Plaintiff.

6.     Defendant owed Plaintiff no duty as alleged, the breach of which caused or contributed to the cause of the Plaintiff's injuries.

7.     Plaintiff's injuries and damages were the result of an intervening and/or superseding cause; therefore, Plaintiff should not recover from Defendant.

8.     Defendant respectfully demands credit for any and all monies paid to, or on behalf of, Plaintiff from any and all collateral sources.

9.     Plaintiff, in whole or in part, failed to mitigate her alleged damages, and therefore is precluded from recovery.

10.    Plaintiff's alleged damages are the result of a condition and/or injury which predates the incident made the basis of her Complaint and having no causal relationship with this defendant.

11.    Defendant reserves the right to add and/or supplement these affirmative defenses as discovery in this matter has not yet begun.

DEFENDANT DEMANDS TRIAL BY STRUCK JURY.

Dated May 7, 2012

_/s/ W. Pemble DeLashmet_
W. PEMBLE DELASHMET (MS #8840)
wpd@delmar-law.com
CHAD C. MARCHAND (MS #102752)
ccm@delmar-law.com
Attorneys for Sam's East, Inc.


OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:     (251) 433-1577
Facsimile:      (251) 433-1578

## CERTIFICATE OF SERVICE

I hereby certify that I have on this May 7, 2012, electronically filed the forgoing document with the Clerk of the Court using the ECF System which sent notification of such filing to Albert L. Necaise, Esquire, attorney for Plaintiff.

Albert L. Necaise
Attorney at Law
P. O. Box 717
Gulfport, MS 39502-0717


_/s/ W. Pemble DeLashmet_
OF COUNSEL

**IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI**
**FIRST JUDICIAL DISTRICT**

DARLENE BLAKER,                          *
                                         *
                                         *
          Plaintiff,                     *
                                         *
vs.                                      *          CASE NO. A2401-12-74
                                         *
SAM'S EAST, INC.                         *
                                         *
          Defendant.                     *

## NOTICE OF SERVICE OF DISCOVERY

In accordance with the Mississippi Rules of Civil Procedure, Defendant SAM'S EAST,

INC. gives notice to the court that the following discovery has been served on the Plaintiff:

　　　1.　　　First Set of Interrogatories and Requests for Production of Documents to Plaintiff;

Dated May 7, 2012.

　　　　　　　　　　　　　　　　　　　/s/ W. Pemble DeLashmet
　　　　　　　　　　　　　　　　　W. PEMBLE DELASHMET (MS #8840)
　　　　　　　　　　　　　　　　　wpd@delmar-law.com
　　　　　　　　　　　　　　　　　CHAD C. MARCHAND (MS #102752)
　　　　　　　　　　　　　　　　　ccm@delmar-law.com
　　　　　　　　　　　　　　　　　Attorneys for Sam's East, Inc.

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL 36652
Telephone:     (251) 433-1577
Facsimile:     (251) 433-1578

### CERTIFICATE OF SERVICE

I hereby certify that I have on this May 7, 2012, electronically filed the forgoing document with the Clerk of the Court using the ECF System which sent notification of such filing to Albert L. Necaise, Esquire, attorney for Plaintiff.


_/s/ W. Pemble DeLashmet_
OF COUNSEL

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| DARLENE BLAKER, | * | |
| | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CASE NO. A2401-12-74 |
| | * | |
| SAM'S EAST, INC. | * | |
| | * | |
| Defendant. | * | |

### NOTICE OF SERVICE OF DISCOVERY

In accordance with the Mississippi Rules of Civil Procedure, Defendant SAM'S EAST, INC. gives notice to the court that the following discovery has been served on the Plaintiff:

1.    First Set of Interrogatories and Requests for Production of Documents to Plaintiff;

Dated May 7, 2012.

_____/s/ W. Pemble DeLashmet_____
W. PEMBLE DELASHMET (MS #8840)
wpd@delmar-law.com
CHAD C. MARCHAND (MS #102752)
ccm@delmar-law.com
Attorneys for Sam's East, Inc.

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:      (251) 433-1577
Facsimile:      (251) 433-1578

### CERTIFICATE OF SERVICE

I hereby certify that I have on this May 7, 2012, electronically filed the forgoing document with the Clerk of the Court using the ECF System which sent notification of such filing to Albert L. Necaise, Esquire, attorney for Plaintiff.


_____*/s/ W. Pemble DeLashmet*_____
OF COUNSEL

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| DARLENE BLAKER, | * | |
| | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CASE NO. A2401-12-74 |
| | * | |
| SAM'S EAST, INC. | * | |
| | * | |
| Defendant. | * | |

### NOTICE OF SERVICE OF DISCOVERY

In accordance with the Mississippi Rules of Civil Procedure, Defendant SAM'S EAST, INC. gives notice to the court that the following discovery has been served on the Plaintiff:

1.   Second Set of Discovery to Plaintiff.

Dated May 7, 2012.

_/s/ W. Pemble DeLashmet_
W. PEMBLE DELASHMET (MS #8840)
wpd@delmar-law.com
CHAD C. MARCHAND (MS #102752)
ccm@delmar-law.com
Attorneys for Sam's East, Inc.

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:     (251) 433-1577
Facsimile:     (251) 433-1578

## CERTIFICATE OF SERVICE

I hereby certify that I have on this May 7, 2012, electronically filed the forgoing document with the Clerk of the Court using the ECF System which sent notification of such filing to Albert L. Necaise, Esquire, attorney for Plaintiff.


_____/s/ W. Pemble DeLashmet_____
OF COUNSEL

**IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI**
**FIRST JUDICIAL DISTRICT**

DARLENE BLAKER                                                    **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO.:  A2401-12-74**

**SAM'S EAST, INC.**                                              **DEFENDANT**

## MOTION FOR ADDITIONAL TIME

Plaintiff moves the Court for additional time to serve a response to the Defendant's discovery requests:

### Applicable Rules

1.     The Court has discretion to allow a shorter or longer time for responding to Interrogatories and Requests For Production of Documents and Second Set of Requests for Production of Documents.[1]

2.     If a request for additional time is made before the expiration of the period originally prescribed for doing an act, the court for cause shown may in its discretion enlarge the period of time ". . . .with or without motion or notice. . . ."on an *ex parte* request.[2]

### Request For Additional Time

3.     The Defendant served Interrogatories and Requests For Production of Documents, and Second Set of Request of Documents on Plaintiff by mail on May 7, 2012.

---

[1] Miss.R.Civ.P. 33(b)(3) (". . . .the court may allow a shorter or longer time."); Miss.R.Civ.P. 34(b) (". . . .the court may allow a shorter or longer time.").

[2] Miss.R.Civ.P. 6(b); Comment, Miss.R.Civ.P. 6(b) ("If the application for additional time is made before the period of time expires, the request may be made *ex parte.* . . ."). "Good cause" is not required when the motion is made within the initial time for responding. *Cross Creek Productions v. Scafidi*, 911 So.2d 958, 960 (Miss. 2005) (discussing Rule 6(b)(1) motion to extend time for service of process under Rule 4(h)).

Therefore, 3 days are added to the prescribed 30 day period for a response.[3]

4.    The Plaintiff's motion for additional time is made within the prescribed 33 days for the response under Miss.R.Civ.P. 6(e), Miss.R.Civ.P. 33(b)(3),[4] and Miss.R.Civ.P. 34(b).[5]

5.    Plaintiff's counsel needs additional time to confer with Plaintiff, and serve a response to the Defendant's discovery requests.

WHEREFORE, Plaintiff prays for an order granting an additional 45 days to July 24, 2012 to serve a response to the Defendant's discovery requests.

This the 6th day of June, 2012.

Respectfully submitted,
DARLENE BLAKER, Plaintiff


By:    _____
Attorney For Plaintiff

Albert L. Necaise
Miss. Bar No. 3778
Law Office of Albert L. Necaise
P.O. Box 717
Gulfport, MS 39502-0717
Phone  (228) 863-1990
Fax     (228) 868-8307
Email: necaisea@bellsouth.net

---

[3]Miss.R.Civ.P. 6(e).

[4]". . . .within 30 days after the service of the interrogatories" plus 3 additional days under Miss.R.Civ.P. 6(e).

[5]". . . .within 30 days after the service of the requests, . . . ." plus 3 additional days under Miss.R.Civ.P. 6(e).

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading upon counsel as listed below by depositing the same in the U.S. Mail, postage prepaid and properly addressed and by email: W. Pemble DeLashmet, Esquire, wpd@delmar-law.com, P.O. Box 2047, Mobile, Al 36652 and Chad C. Marchand, Esquire, ccm@delmar-law.com, P.O. Box 2047, Mobile, Al 36652

This the 6th day of June, 2012.

_____

**Albert Necaise**

3

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

**DARLENE BLAKER**                                                                    **PLAINTIFF**

**VERSUS**                                            **CIVIL ACTION NO.:  A2401-12-74**

**SAM'S EAST, INC.**                                                              **DEFENDANT**

### CORRECTED MOTION FOR ADDITIONAL TIME

Plaintiff moves the Court for additional time to serve a response to the Defendant's discovery requests:

### Applicable Rules

1.     The Court has discretion to allow a shorter or longer time for responding to Interrogatories and Requests For Production of Documents and Second Set of Requests for Production of Documents.[1]

2.     If a request for additional time is made before the expiration of the period originally prescribed for doing an act, the court for cause shown may in its discretion enlarge the period of time ". . . .with or without motion or notice. . . ."on an *ex parte* request.[2]

### Request For Additional Time

3.     The Defendant served Interrogatories and Requests For Production of Documents, and Second Set of Request of Documents on Plaintiff by mail on May 7, 2012.

---

[1]Miss.R.Civ.P. 33(b)(3) (". . . .the court may allow a shorter or longer time."); Miss.R.Civ.P. 34(b) (". . . .the court may allow a shorter or longer time.").

[2]Miss.R.Civ.P. 6(b); Comment, Miss.R.Civ.P. 6(b) ("If the application for additional time is made before the period of time expires, the request may be made *ex parte*. . . ."). "Good cause" is not required when the motion is made within the initial time for responding. *Cross Creek Productions v. Scafidi*, 911 So.2d 958, 960 (Miss. 2005) (discussing Rule 6(b)(1) motion to extend time for service of process under Rule 4(h)).

Therefore, 3 days are added to the prescribed 30 day period for a response.[3]

4.    The Plaintiff's motion for additional time is made within the prescribed 33 days for the response under Miss.R.Civ.P. 6(e), Miss.R.Civ.P. 33(b)(3),[4] and Miss.R.Civ.P. 34(b).[5]

5.    Plaintiff's counsel needs additional time to confer with Plaintiff, and serve a response to the Defendant's discovery requests.

WHEREFORE, Plaintiff prays for an order granting an additional 45 days to July 24, 2012 to serve a response to the Defendant's discovery requests.

This the 6th day of June, 2012.

                              Respectfully submitted,
                              DARLENE BLAKER, Plaintiff


By:    *s/Albert Necaise*
       **Attorney For Plaintiff**

**Albert L. Necaise**
**Miss. Bar No. 3778**
**Law Office of Albert L. Necaise**
**P.O. Box 717**
**Gulfport, MS 39502-0717**
**Phone  (228) 863-1990**
**Fax     (228) 868-8307**
**Email: necaisea@bellsouth.net**

---

[3]Miss.R.Civ.P. 6(e).

[4]". . . .within 30 days after the service of the interrogatories" plus 3 additional days under Miss.R.Civ.P. 6(e).

[5]". . . .within 30 days after the service of the requests, . . . ." plus 3 additional days under Miss.R.Civ.P. 6(e).

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading upon counsel as listed below by depositing the same in the U.S. Mail, postage prepaid and properly addressed and by email: W. Pemble DeLashmet, Esquire, wpd@delmar-law.com, P.O. Box 2047, Mobile, Al 36652 and Chad C. Marchand, Esquire, ccm@delmar-law.com, P.O. Box 2047, Mobile, Al 36652

This the 6th day of June, 2012.

s/ Albert Necaise

**Albert Necaise**

3

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

**DARLENE BLAKER**                                                    **PLAINTIFF**

**VERSUS**                              **CIVIL ACTION NO.:  A2401-12-74**

**SAM'S EAST, INC.**                                                  **DEFENDANT**

### ORDER FOR TIME

The foregoing ore tenus Motion of the Plaintiff, Darlene Blaker, for additional time

to serve a response to the Defendant's discovery requests; the Court finds that said Motion

should be **GRANTED**.

IT IS THEREFORE ORDERED and ADJUDGED that the Plaintiff, Darlene Blaker,

is hereby granted an additional 45 days to July 24, 2012, to file Plaintiff's response to the

Defendant's Discovery Requests.

SO ORDERED AND ADJUDGED this the 7th day of June, 2012.

_____
CIRCUIT COURT JUDGE

Prepared by:     **ALBERT NECAISE, MS BAR #: 3778**
                 ATTORNEY FOR PLAINTIFF
                 2510 16th Street
                 P.O. BOX 717
                 GULFPORT, MS 39502
                 PHONE: 228-863-1990
                 FAX:     228-868-8307
                 EMAIL:  necaisea@bellsouth.net

FILED

JUN 0 8 2012

GAYLE PARKER, CIRCUIT CLERK
By_____ DC